# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DOUGLAS KILBORN, #27463-078 | § § | |
| v. | § § | Civil Action No. 4:19-cv-515 (Judge Crone/Judge Nowak) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 29, 2021, the report of the Magistrate Judge (Dkt. #20) was entered containing proposed findings of fact and recommendations that Movant Douglas Kilborn's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) be denied, his claims be dismissed with prejudice, and a certificate of appealability be denied.  Having received the report of the Magistrate Judge, having considered Movant's Objections (Dkt. #24), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

As set forth in the Magistrate Judge's report, on November 8, 2017, a Grand Jury returned an Indictment charging Movant in one count with a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm.  *United States v. Pressley*, No. 4:17-cr-00196-SDJ-KPJ-2 (E.D. Tex. Nov. 8, 2017), ECF No. 1.  Following entry of a guilty plea to such count, Movant was sentenced to 120-months imprisonment on August 2, 2018.  *Id.* ECF No. 68.  Movant did not file a direct appeal.  Movant filed this § 2255 Motion on July 11, 2019 (Dkt. #1).  Movant alleges ineffective assistance of counsel, specifically that his trial counsel was ineffective for failing to file a notice

of appeal (Dkt. #1 at p. 1).  The Magistrate Judge appointed Movant counsel (Dkt. #11), and on September 30, 2020, a *Tapp* hearing ("Hearing") was held (Dkt. #15).  Tracy Batson appeared on behalf of the Government, and Joseph Mongaras appeared on behalf of Movant.  At Hearing, the Court heard testimony from three witnesses: Mr. Frank Henderson ("Counsel"); Movant's mother, Ms. Diane Louise Kilborn; and Movant (Dkt. #15).  On July 29, 2021, the Magistrate Judge recommended Movant's Motion be denied and his case dismissed with prejudice (Dkt. #20).  The Magistrate Judge concluded Movant failed to meet his burden of showing by a preponderance of the evidence that he directed Counsel to file an appeal.

## OBJECTION TO REPORT AND RECOMMENDATION

On August 26, 2021, Movant filed his Objections to the Report of the Magistrate Judge (Dkt. #24).  A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3).  Movant raises two primary objections to the Magistrate Judge's conclusion: (1) Movant's testimony demonstrates he wanted an appeal and did not understand his appellate rights; and (2) Counsel did not visit Movant post-sentencing to discuss an appeal (Dkt. #24 at pp. 2-7).  The Court addresses the latter objection first.

*Objection – No Bright Line Post-Sentencing*

Movant objects that the Magistrate Judge's analysis improperly focused on Counsel's consultation with Movant prior to sentencing and that Counsel had a mandatory obligation to visit Movant at the facility at which he was housed after the sentencing hearing.  Movant urges "it was objectively unreasonable for Counsel not to visit Movant after his sentencing hearing" and further represents "[m]any district courts in this area now make it a standard practice for attorneys to go

and visit their client [at the facility] after sentencing" (Dkt. #24 at p. 2). The Magistrate Judge addressed this argument in her report, finding that existing authority, while establishing counsel has a duty to consult with a defendant, does not stand for a blanket obligation to consult after sentencing at the facility (Dkt. #20 at p. 13 n.4).

*Flores-Ortega*, upon which Movant relies in advancing this point, states counsel has a "constitutionally imposed duty to consult" with a defendant "about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Here, the record reflects Counsel did discuss the advantages and disadvantages of filing an appeal and made a reasonable effort to determine Movant's wishes. And while a court may impose specific requirements for counsel to consult with a defendant regarding the possibility of an appeal post-sentencing, *Strickland* does not extend this far. *Id.* at 479 (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). The "Constitution imposes one general requirement: that counsel make objectively reasonable choices . . . We cannot say, as a *constitutional* matter, that in every case counsel's failure to consult with the defendant about an appeal is necessarily unreasonable, and therefore deficient." *Id.* Further to this point, for example:

> [S]uppose that a defendant consults with counsel; counsel advises the defendant that a guilty plea probably will lead to a 2 year sentence; the defendant expresses satisfaction and pleads guilty; the court sentences the defendant to 2 years' imprisonment as expected and informs the defendant of his appeal rights; the defendant does not express any interest in appealing, and counsel concludes that there are no nonfrivolous grounds for appeal. Under these circumstances, it would be difficult to say that counsel is "professionally unreasonable," as a constitutional matter, in not consulting with such a defendant regarding an appeal.

*Id.* (quoting *Strickland*, 466 U.S. at 691) (citation omitted). This Court, as did the *Flores-Ortega* Court, rejects the adoption of the bright-line rule advocated by Movant. "[P]erhaps it would be a

better practice for attorneys to specifically ask clients after they are sentenced whether they want to file a notice of appeal. Nonetheless, *Tapp* does not extend that far; instead, the question in *Tapp* is whether a defendant asked his attorney to file a notice of appeal and counsel failed to honor that request. The facts in this case do not satisfy *Tapp*, and the case law goes not further." *Jackson v. United States*, No. 6:12CR00059-011, 2015 WL 10793743, at *1 (E.D. Tex. Aug. 19, 2015). Movant's Objection is overruled.

### *Objection - Movant Has Failed to Demonstrate He Requested an Appeal*

Relatedly, Movant more generally objects that Counsel had a duty to consult and that Movant's testimony demonstrates he wanted an appeal and did not understand his appellate rights. The Magistrate's Report applies the correct legal standard for ineffective assistance of counsel in the context of failure to file an appeal (Dkt. #20 at p. 13, n.4). "'Consulting' is a term of art that means 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" *United States v. Cong Van Pham*, 722 F.3d 320, 323 (5th Cir. 2013) (quoting *Flores-Ortega*, 528 U.S. at 478). "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 323-24. A constitutionally imposed duty to consult about an appeal only arises when there is reason to think that a rational defendant would want to appeal, such as when there are nonfrivolous grounds for appeal or when the defendant has reasonably demonstrated to counsel that he is interested in appealing (Dkt. #20 at p. 13, n.4) (citing *Flores-Ortega*, 528 U.S. at 480).

At the *Tapp* Hearing, Counsel testified as to the following: Counsel met with Movant a few days prior to his sentencing hearing to discuss his Presentencing Report; they discussed the 120-

4

month sentence, specifically that it was within the guidelines; Counsel advised Movant that a sentence within the guideline range is not a viable issue to appeal; and Movant stated he was "fine" if Counsel did not file an appeal (Dkt. #19 at p. 13). Further, Movant pleaded guilty without a plea agreement, which Counsel testified was a strategic benefit to Movant precisely because he would not have to sign a waiver of his appellate rights (Dkt. #19 at pp. 18-19). Counsel explained to Movant that, should the court make a career armed criminal finding, Counsel would file an appeal (Dkt. #19 at pp. 18-19). Crucially, Counsel told Movant he was not going to file a Notice of Appeal in light of the final Presentencing Report's sentencing range, which reflected a three-point downward reduction to a maximum of 120 months (Dkt. #19 at p. 19). This consultation between Counsel and Movant occurred just three days before Movant's sentencing hearing, as evidenced by a report from the facility where Movant was housed pre-sentencing showing Counsel's visit on July 30, 2018; the Government offer this record as Exhibit 1 at Hearing (Dkt. #19 at pp. 15-16). Counsel confirmed Movant did not request to file an appeal at their pre-sentencing meeting, nor did Movant request an appeal in any of the other correspondence sent by Movant to Counsel prior to sentencing (Dkt. #19 at pp. 16-17). Prior to the *Tapp* Hearing, Counsel also checked his office records and did not find any correspondence sent after sentencing from Movant to Counsel (Dkt. #19 at p. 17).

Movant objects that the Magistrate Judge's report found that "Counsel didn't have any reason to think Movant would not be satisfied with the outcome" of his sentence of 120 months, (Dkt. #24 at p. 2). But in order for a movant to "reasonably demonstrate" he wanted to appeal, he must show he gave "some specific indication" to counsel that he wanted to appeal. *Escalante v. United States*, No. B:14-481-1, 2016 WL 5947375, at *10 (S.D. Tex. Sept. 9, 2016) (citing *Pham*, 722 F.3d at 325), *report and recommendation adopted*, No. CV B-15-099, 2016 WL 5947298

(S.D. Tex. Oct. 13, 2016).  Here, Movant received a sentence that is within the guideline range in his PSR, and there is no indication to Counsel.  *See Duran-Loera v. United States*, No. 7:12-CR-118-1, 2016 WL 11020430, at *11 (S.D. Tex. Oct. 28, 2016), *report and recommendation adopted*, No. CR M-22-118-1, 2018 WL 1441414 (S.D. Tex. Mar. 21, 2018) (rejecting the argument that receiving the maximum statutory sentence is sufficient to demonstrate the desire to appeal where the PSR "should have dispelled any notion in Movant's mind that he had received an unfairly high sentence", movant "was well-aware of the Guidelines calculation in the PSR", and where movant "advised the District Court at the sentencing hearing that he had reviewed the PSR with his attorney.").

Again, "[t]he duty to perfect an appeal on behalf of a convicted client does not arise on conviction, but when the client makes known to counsel his desire to appeal the conviction." *Cuddington v. United States*, No. 616CR0028CBL01, 2019 WL 1369046, at *15 (N.D. Tex. Feb. 14, 2019) (citing *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993)), *report and recommendation adopted*, No. 6:16-CR-028-C-BL, 2019 WL 1359125 (N.D. Tex. Mar. 26, 2019), *certificate of appealability denied*, No. 19-10795, 2020 WL 8022782 (5th Cir. Oct. 13, 2020).  In *Cuddington*, the court found counsel had a duty to consult as to whether the defendant wanted to appeal where defendant specifically instructed his fiancé to inquire about challenging his sentence, the fiancé emailed counsel to ask about how to reduce his sentence, and counsel subsequently had a conference phone call with the fiancé and the defendant's father where counsel told the family he would call them back and then failed to do so.  *Cuddington*, 2019 WL 1369046, at *14-17.  Different from *Cuddington*, here the credible evidence does not show that Movant directed family to inquire about an appeal, nor did his family ever speak with Counsel about challenging his sentence.  Movant points to Hearing testimony that he sent multiple letters to Counsel, that he

6

directed his mother to communicate to Counsel that he wanted to appeal, and that he sent correspondence to the Clerk of Court to inquire as to the status of his appeal (Dkt. #24 at pp. 4-5). The Magistrate Judge considered this testimony. Movant provided no evidence that he mailed any letters to Counsel, and Counsel testified that he did not receive any letters from Movant after sentencing. Movant's mother testified that she left a voicemail for Counsel, but Counsel stated that his office did not receive any messages from her. The credible evidence does not reflect Movant made it known he wanted a notice of appeal filed.

Movant finally objects that, if he did not ask to file an appeal, it is because "he did not have a clear understanding of his appellate rights." Movant points to the jail call he made to his mother on August 2, 2018, as evidence that he did not understand his right to appeal (Dkt. #18). When Movant's mother asked whether he could appeal his sentence, Movant told her that he was "supposed to do it before . . . he pled guilty" and that "[t]here's no money to do anything anyway" (Dkt. #18 at p. 3). Movant states the Magistrate Judge "erroneously disregards these facts" (Dkt. #24 at p. 3). However, review of the report reveals the Magistrate Judge explicitly addressed the jail call (Dkt. #20 at pp. 9-10, 15-16). The Magistrate Judge found that Movant "failed to meet his burden of showing by a preponderance of the evidence that he directed Counsel to file an appeal" (Dkt. #20 at p. 16). Further, Movant admits he was advised of his right to appeal by the Court at his sentencing hearing (Dkt. #24 at p. 3). The Court declines to extend *Tapp*; "the question in *Tapp* is whether a defendant asked his attorney to file a notice of appeal and counsel failed to honor that request." *See Jackson*, 2015 WL 10793743, at *1. The answer here is Movant did not. Movant's Objection is overruled.

## CONCLUSION

Having considered Movant's Objection (Dkt. #24), the Court adopts the Magistrate Judge's Report and Recommendation (Dkt. #20) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Movant Douglas Kilborn's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) is **DENIED**. Movant Douglas Kilborn's claims are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Movant's request for Certificate of Appealability is **DENIED**.

**IT IS SO ORDERED**.

SIGNED at Beaumont, Texas, this 8th day of November, 2021.

*Marcia A. Crone*
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE